**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PAMELA JOHNSON <br> PO Box 26275 <br> Washington, DC 20001 <br>         Plaintiff, <br>         v. <br><br> THE DISTRICT OF COLUMBIA, <br> 1350 Pennsylvania Avenue, NW <br> Washington, DC 20004 <br>         Defendant. | Civil Action No. 18-399 |

## COMPLAINT

Plaintiff Pamela Johnson ("Plaintiff" or "Ms. Johnson"), through her attorneys at the Clark Law Group, PLLC, hereby alleges as follows:

### NATURE OF ACTION

1. This is a challenge to Defendant District of Columbia's ("Defendant") unlawful failure to hire Plaintiff because of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

### JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. The United States District Court for the District of Columbia has original jurisdiction over the instant action pursuant to 28 U.S.C. §1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

4. The Court may properly maintain personal jurisdiction over Defendant because the Defendant conducts business in the District of Columbia.

5. Venue is properly laid in the District of Columbia under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the District of Columbia.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES AND STATUTE OF LIMITATIONS

6. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the ADEA as follows:

    a. On August 2, 2016, Plaintiff submitted a complaint of discrimination with the D.C. Office of Human Rights ("DCOHR").

    b. On March 3, 2017, Ms. Johnson finalized her complaint on a charge form, which was cross-filed with the Equal Employment Opportunity Commission ("EEOC").

    c. Pursuant to a work-sharing agreement, the EEOC investigated Ms. Johnson's charge.

    d. On November 20, 2017, the EEOC issued a Notice of Right to Sue.

    e. Plaintiff filed has filed her complaint within 90 days of her receipt of the Notice of Right to Sue.

### PARTIES

8. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9. Defendant is the government of the District of Columbia.

10. Plaintiff is a resident of the District of Columbia.

### FACTS

11. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

### Ms. Johnson Was A Qualified Applicant

12. On June 15, 2015, Ms. Johnson applied for an Inclusionary Zoning Compliance Specialist position, CS-1801-11 (position #00045715/req # J01505-2450) with Defendant's Department of Housing and Community Development ("DHCD").

13. Ms. Johnson was qualified for the position.

14. Ms. Johnson had years of experience with District of Columbia Inclusionary Zoning compliance and was one of less than fifteen private individuals authorized by DHCD to implement the District's Inclusionary Zoning program.

15. Defendant's Human Resources scored Ms. Johnson's application with a rating of 97 out of 110 points, which is considered "Highly Qualified Candidate."

16. The Inclusionary Zoning Compliance Specialist permanent position, CS-1801-11 (position #00045715/req # J01505-2450) was a public, competitive announcement.

17. On June 15, 2015, Ms. Johnson was fifty-two (52) years old.

18. Defendant's hiring managers knew of Ms. Johnson's age based on their regular interactions with her in her position as a Certified, Housing Counselor at Marshall Heights Community Development Organization and Ms. Johnson's prior employment with DHCD.

19. Ms. Johnson did not discover that she was not hired for the position until January 2016.

20. In January 2016, Ms. Johnson received an email from Abraham Barranca, who was newly hired as an Inclusionary Zoning Compliance Specialist.

21. Ms. Johnson then contacted Defendant to inquire about the status of her application and learned that she was not hired.

**Defendant Hired Someone Young, Unqualified, and Outside of Its Procedures**

22. The following allegations are based on information learned subsequent to her receipt of documents pursuant to a 2016 Freedom of Information request and EEOC investigation.

23. On June 17, 2015, Defendant offered Makkah Agara the Inclusionary Zoning Compliance Specialist position.

24. Ms. Agara did not apply for the Inclusionary Zoning Compliance Specialist position.

25. Ms. Agara did not compete for the Inclusionary Zoning Compliance Specialist position.

26. The application window for the position closed on June 19, 2015.

27. Defendant offered this position prior to the close of the application period in violation of D.C. regulations and policy.

28. On June 22, 2015, after the close of the application period, Defendant employee Roxanne Cromwell created an "application" for Ms. Agara.

29. On August 24, 2015, Defendant hired Agara.

30. Ms. Agara was not qualified for the position.

31. Ms. Agara has no previous experience with the District's Inclusionary Zoning program.

32. Ms. Agara was thirty-three (33) years old when hired.

33. Defendant's regulations and policy favors the hiring of District of Columbia residents.

34. Ms. Johnson was a District resident.

35. Ms. Agara was not a District resident when she was hired.

36. Before DCOHR, Defendant admitted that it did not hire Ms. Agara in conformance with its procedures.

**COUNT I: FAILURE TO HIRE BECAUSE OF AGE**

37. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

38. Ms. Johnson was over the age of forty when she applied for the position of Inclusionary Zoning Compliance Specialist.

39. Defendant's hiring officials were aware of Ms. Johnson's age.

40. Ms. Johnson was qualified for the specialized position of Inclusionary Zoning Compliance Specialist.

41. Ms. Johnson was not hired.

42. Defendant instead hired Ms. Agara.

43. Ms. Agara was under the age of forty.

44. Ms. Agara was not qualified for the position of Inclusionary Zoning Compliance Specialist.

45. Defendant did not hire Ms. Johnson because of her age.

46. Accordingly, Defendant violated the ADEA.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

A. Entry of judgment in favor of Plaintiff against Defendant;

B. Back pay;

C. Compensatory damages pursuant to the ADEA;

D. Pre- and post-judgment interest as may be allowed by law;

E. Attorney's fees and costs; and

F. Other such relief as may be appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: February 21, 2018

      Respectfully submitted

      /s/ Jeremy Greenberg
      Jeremy Greenberg (1024226)
      Denise M. Clark (420480)
      1250 Connective Ave., N.W., Suite 200
      Washington, D.C. 20036
      Tel: (202) 293- 0015
      Fax: (202) 293-0115
      jgreenberg@benefitcounsel.com
      dmclark@benefitcounsel.com